**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TAIHO PHARMACEUTICAL CO., LTD., a )
Japanese Limited Liability Company, and TAIHO )
ONCOLOGY, INC., a Delaware corporation, )

        Plaintiffs, )      Civil Action No.: 3:25-cv-17280

    v. )

                      )      **AGREED SCHEDULING ORDER**

JOHN SQUIRES, in his official capacity as the )
Director of the United States Patent and )
Trademark Office; et al., )

        Defendants. )

_____

AND NOW this 17th day of February, 2026, the parties having advised the Court that they have conferred and agreed upon a schedule to govern this action as follows:

1.     The parties have agreed that discovery is not necessary because the Court's review of the decisions at issue is based solely on the administrative record and therefore the Court need not enter a standard scheduling order.

2.     The parties have agreed that the administrative record will be prepared and filed with the Court in the manner and on the schedule stated below.

3.     The parties have agreed that this matter can be decided on cross-motions for summary judgment.

UPON CONSIDERATION THEREOF and GOOD CAUSE having been shown, it is hereby ORDERED that the following procedures and schedule shall govern this matter:

**A.      Filing the Administrative Records and Related Motions.**

1.      On or before **February 25, 2026**, Defendants shall file a notice of lodging the administrative records, administrative record indices, and certification of the records on the Court's CM/ECF system. Defendants will simultaneously lodge the administrative records with the Court by providing two identical USB thumbdrives to the Clerk's office (one for Chambers' use) and produce the administrative records to Plaintiffs via USB thumbdrive or a secure electronic link.

2.      On or before **March 18, 2026**, Plaintiffs shall notify Defendants whether they believe the administrative records are complete or require supplementation with additional materials, whether they believe any exceptions to record review are applicable, and/or whether they believe there is a need for judicial review of extra-record materials. If there is a dispute over any of these issues, the parties will attempt to negotiate a resolution.

3.      The parties shall file a status report by **March 25, 2026**, notifying the Court that either: (a) they have reached agreement that the records for judicial review are complete and they intend to proceed with summary judgment briefing as set forth below; or (b) Plaintiffs intend to move the Court to resolve a dispute regarding the completeness of the administrative records, the applicability of any exceptions to record review, and/or the need for judicial review of extra-record materials. Any such motion shall be filed by **April 8, 2026**. Defendants shall file any opposition by **April 22, 2028**, and Plaintiffs shall file any reply brief by **April 29, 2026**.

4.      If such a motion is filed, briefing on summary judgment, as contemplated below, shall be held in abeyance until the motion is resolved. Within **14 days** of a Court order on any

2

record dispute motion, the parties shall file a joint motion to reset the summary judgment briefing schedule, which will propose new dates for summary judgment briefing.

**B.    Motions for Summary Judgment.**

5.    Plaintiffs shall file and serve their Motion for Summary Judgment and supporting materials and Defendants shall file and serve their Cross-Motion for Summary Judgment and supporting materials each on or before **April 29, 2026**, and each to be limited to **40 pages** in 12-point Times New Roman font.

6.    Plaintiffs shall file and serve their Opposition to Defendants' Cross-Motion for Summary Judgment and Defendants shall file and serve their Opposition to Plaintiffs' Motion for Summary Judgment each on or before **June 3, 2026**, and each to be limited to **35 pages** in 12-point Times New Roman font.

7.    Plaintiffs shall file and serve their Reply in Support of their Motion for Summary Judgment and Defendants shall file and serve their Reply in Support of their Cross-Motion for Summary Judgment each on or before **June 24, 2026**, and each to be limited to **25 pages** in 12-point Times New Roman font.

IT IS SO ORDERED.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

3

AGREED TO BY THE PARTIES:

BRETT SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

/s/ Mark M. Makhail
Jose L. Linares
Mark M. Makhail
**MCCARTER & ENGLISH, LLP**
4 Gateway Center
Newark, NJ 07102
(973) 622-4444
jlinares@mccarter.com
mmakhail@mccarter.com

Christopher M. Mikson
Perham Gorji (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000
christopher.mikson@us.dlapiper.com
perham.gorji@us.dlapiper.com

Michael Sitzman (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
(628) 218-3800
msitzman@mwe.com

Timothy P. Best (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
(310) 551-9321
tbest@mwe.com

*Attorneys for Plaintiffs*

/s/ Matthew D. Tanner
MATTHEW D. TANNER
DC Bar ID. 90030614
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone:    (202) 305-9847
Facsimile:    (202) 305-0345

PHILIP C. STERNHILL
Philip.C.Sternhill@usdoj.gov
KAVYASRI NAGUMOTU
Kavyasri.Nagumotu@usdoj.com
Department of Justice

*Attorneys for Defendants*

4